UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 13-42560 |
| | ) | Chapter 7 |
| STEVEN JOHN PANKO | ) | |
| | ) | |
| | ) | Hon. Timothy A. Barnes |
| Debtor. | ) | |
| | ) | Hearing Date: September 7, 2016 |
| | | Hearing Time: 10:30 a.m. |

**COVER SHEET FOR APPLICATION FOR**
**PROFESSIONAL COMPENSATION**

Name of Applicant:    GUS A. PALOIAN, Chapter 7 Trustee

Period for Which
Compensation is Sought:    December 31, 2013 through the close of the case

Amount of Fees Sought:    $8,500.00

Amount of Expense
Reimbursement Sought:    $    0.00

This is an:                         Interim Application _____   Final Application:    X

This is the First and Final Fee Application in the case.

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is:

Date:    August 1, 2016                By:    /s/ Gus A. Paloian
                                                Applicant: GUS A. PALOIAN, Chapter 7 Trustee

27057036v.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **In re:** ) | Case No. 13-42560 |
| ) | |
| **STEVEN JOHN PANKO,** ) | Chapter 7 |
| ) | |
| **Debtor.** ) | Hon. Timothy A. Barnes |
| ) | Hearing Date: September 7, 2016 |
| ) | Hearing Time: 10:30 a.m. |

### FIRST AND FINAL APPLICATION FOR ALLOWANCE AND
### PAYMENT OF COMPENSATION TO CHAPTER 7 TRUSTEE

Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), respectfully requests (the "Application") that the Court enter an order, substantially in the form of that attached hereto, allowing and authorizing payment to the Trustee of $8,500.00 in final compensation (the "Fees") for services rendered in the above-captioned case from December 31, 2013, through the closing of the case (the "Application Period"). In support of this Application, the Trustee respectfully states as follows:

### I. JURISDICTION

1. This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(A) and/or (M). The predicates for the relief requested herein are 11 U.S.C. §§ 326(a) and 330(a), as supported by Federal Rules of Bankruptcy Procedure 2016(a), and 9034(e).

27057036v.1

## II. BACKGROUND

### A. Procedural Background

2.    On October 31, 2013, the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned case (the "Case").

3.    On November 14, 2013, the Debtor filed his schedules of assets and liabilities and his Statement of Financial Affairs (collectively and, as amended, the "Schedules"). (*See* Dkt. Nos. 14, 15.)

4.    On December 31, 2013, Gus A. Paloian was appointed as Chapter 7 Trustee in the Case. (*See* Dkt. No. 19.)

5.    On April 2, 2014, the Trustee filed an Initial Report of Assets.

### B. Overview of Asset Recoveries for the Estate

### Sale of Personal Property

6.    The Trustee liquidated the Debtor's assets via the sale of (a) Estate ownership interests (collectively, the "Equity Interest") in the following entities: Antioch BB LLC; Salina Partners LLC; Guinness/Wheaton, LLC; Guinness/Wheaton II, LLC; Ike Builders LLC; V-Land Antioch Marketplace LLC; V-Land Bloomingdale Army Trail LLC; V-Land Chicago Canal LLC; V-Land Corporation; V-Land Chicago 95th LLC; V-Land Lombard Highland LLC; V-Land Management LLC; V-Land Mokena LLC; V-Land Salina LLC; V-Land South Elgin, LLC; and V-Land Warrenville, LLC, and the Debtor's interest in the following liquidated debts (collectively, the "Liquidated Debts"): (b) a credit card refund from Citi in the amount of $102.77, and (c) a sales commission due from V Land Corporation for prepetition brokerage services in the amount of $16,600.20. As a result of the sale of Debtor's Equity Interest and Liquidated Debts, the Trustee recovered gross proceeds of $105,000.00.

27057036v.1

### C. Services Rendered by the Trustee to the Estate

7. During the Application Period, the Trustee performed 40.60 hours of actual and necessary services on behalf of the Estate, worth a total value of $11,835.00. An itemized statement describing the services rendered is attached hereto as **Exhibit 1.**

8. The services included, but were not limited to, the following:

   A. Analyzing the Debtor's Schedules and SOFA, conducting a Section 341 examination of the Debtor and conducting an investigation of the Debtor's assets and financial affairs;

   B. Coordinating the sale of the Debtor's Equity Interest and Liquidated Debts;

   C. Reviewing schedules, bank ledgers and claims in preparation of the final report;

   D. Communicating with tax accountant with respect to determining the Estate's tax obligations, if any; and

   E. Maintaining the Estate's bank accounts and performing bank reconciliations.

### III. RELIEF REQUESTED

9. The Trustee respectfully requests that the Court allow and award him, on a final basis, the Fees and authorize him to pay the Fees out of Estate funds, for services rendered in the Case. A draft order granting such relief is attached hereto for the Court's consideration.

27057036v.1

## IV. BASIS FOR REQUESTED RELIEF

### A. Applicable Standards for Trustee Compensation

10.     Sections 326(a) and 330(a) of the Bankruptcy Code guide the Court in determining the amount of compensation to be awarded to a trustee. See Staiano v. Cain (In re Lan Assocs. XI, L.P.), 192 F.3d 109, 115 (3d Cir. 1999); In re Jenkens, 130 F.3d 1335, 1337 (9th Cir. 1997).

11.     Section 326(a) of the Bankruptcy Code limits the maximum amount of compensation that may be awarded to a trustee. See id.; In re Churchfield Mgmt. & Inv. Corp., 98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.). This amount is "calculated by a percentage of the moneys brought into the Estate by the trustee's services." Churchfield Mgmt. & Inv. Corp., supra. In this respect, Section 326(a) of the Bankruptcy Code provides, as follows:

> In a case under chapter . . . 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

12.     The Court has the power to determine the reasonableness of the compensation requested by a trustee, up to the statutory limit. See In re The Landing, Inc., 142 B.R. 169, 171 (Bankr. N.D. Ohio 1992) (collecting cases).

13.     In this connection, Section 330(a)(1) of the Bankruptcy Code enumerates the general standard for approving trustee requests for compensation, as follows:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . [or to] a professional person employed under section 327 or 1103—

27057036v.1

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

14. "The ultimate issue to be reached is the question of the extent, value, necessity and reasonableness of the work performed for which compensation is sought by the Trustee and the attorneys and paralegals for the Trustee[.]" In re Prairie Cent. Ry. Co., 87 B.R. 952, 956 (Bankr. N.D. Ill. 1988) (Squires, J.).

15. The Trustee respectfully submits that the Application provides the Court with the information necessary to determine the Trustee's reasonable compensation.

### B. Application of the Cited Standards to the Requested Relief

16. This Application is the Trustee's first and final application for compensation in the Case.

17. The Section 326(a) calculation permits the Trustee to receive a potential total fee award of up to $8,500.00.

18. As part of this Application, the Trustee requests that he be authorized to pay the amount awarded from the funds on hand in the case and that the monies awarded and paid to Trustee be deemed final.

### V. TRUSTEE'S FINAL REQUEST FOR COMPENSATION

19. The maximum compensation allowable to Trustee based upon Section 326(a) of the Bankruptcy Code is calculated as follows:

| | | |
|---|---|---|
| 25% of the first $5,000.00 disbursed | = | $1,250.00 |
| 10% of the next $45,000.00 disbursed | = | $4,500.00 |
| 5% of the next $50,000.50 disbursed | = | $2,750.00 |
| 3% of $0.00 | = | $0.00 |

27057036v.1

   MAXIMUM COMPENSATION ALLOWABLE  = $8,500.00

   **COMPENSATION REQUESTED**  = **$8,500.00**

  20. As of the date of the Application, the Trustee collected $105,000.00 for the benefit of the Estate and disbursed $54.34. There will not be a surplus of funds turned over to the Debtor in this case.

  21. The Trustee requests allowance of final compensation in this case in the amount of $8,500.00. The amount requested is equal to the maximum compensation allowable as set forth above. The Trustee believes that this request is justified under a reasonableness analysis of the facts of this case.

  22. The Trustee will distribute the remaining estate funds as set forth in the Final Report.

### VI. NO PRIOR REQUEST

  23. No prior request for the relief requested by this Application has been made to this Court or to any other court.

  WHEREFORE, Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Trustee of the Debtor's Estate, respectfully requests that the Court enter an Order:

   A. Allowing and awarding compensation to Trustee in the amount of $8,500.00 on a final basis;

   B. Authorizing the Trustee to pay the amount awarded from the funds held on account in the Estate as part of his final distribution; and

27057036v.1

C.   Granting such other and further relief as the Court deems just and proper.

Dated: August 1, 2016

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Gus A. Paloian
  Gus A. Paloian (06188186)
  SEYFARTH SHAW LLP
  131 South Dearborn Street
  Suite 2400
  Chicago, Illinois 60603-5577
  Telephone: (312) 460-5000
  gpaloian@seyfarth.com

# EXHIBIT 1

27057036v.1

**TRUSTEE**

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 12/12/13 | Communicate with Michelle Novak regarding election as case trustee and case background (.20); review schedules (.30); communicate with Jeff Snell (US Trustee Office) regarding election and continued meeting (.20). | G. Paloian | 0.70 | 437.50 |
| 12/16/13 | Telephone conference with M. Novak (FirstMerit counsel) regarding fact development, asset identification and continued meeting of creditors. | G. Paloian | 0.30 | 187.50 |
| 12/18/13 | Communicate with M. Novak regarding continued meeting of creditors. | G. Paloian | 0.10 | 62.50 |
| 12/20/13 | Conference with J. Snell (UST) regarding continued meeting of creditors (.20); conference with J. McManus and J. Sowka regarding retention (.20); communicate with M. Novak regarding continued meeting (.10). | G. Paloian | 0.50 | 312.50 |
| 12/23/13 | Review tax returns. | G. Paloian | 0.50 | 312.50 |
| 12/30/13 | Download scheduled assets into TES. | J. McManus | 0.70 | 189.00 |
| 01/02/14 | Download scheduled assets/claims into TES. | J. McManus | 0.70 | 199.50 |
| 01/07/14 | Arrange for continued meeting of creditors to be set. | J. McManus | 0.10 | 28.50 |
| 01/08/14 | Communicate with J. Ziegler regarding continued meeting of creditors. | G. Paloian | 0.10 | 65.00 |
| 01/08/14 | Consult with J. McManus regarding continuing 341 meeting (.20); telephone Trustees Office to confirm availability of same (.20); continue 341 meeting (.30). | J. Ziegler | 0.70 | 70.00 |
| 01/13/14 | Review tax return. | G. Paloian | 0.30 | 195.00 |
| 01/23/14 | Review statement of financial affairs and schedules in preparation of meeting of creditors (.60); conduct meeting of creditors (2.20). | G. Paloian | 2.80 | 1,820.00 |
| 01/28/14 | Confer with J. Ziegler regarding transcription of §341 meeting (.10); download scheduled assets in to TES (.30). | J. McManus | 0.40 | 114.00 |
| 01/28/14 | Obtain recording of 341 meeting from Trustees Office (.50); cause same to be transcribed (.20). | J. Ziegler | 0.70 | 70.00 |
| 02/03/14 | Compare recording of 341 Meeting to written transcript to confirm accuracy. | J. Ziegler | 2.70 | 270.00 |
| 02/06/14 | Download scheduled assets in TES (.40); update TES assets ledger (.30). | J. McManus | 0.70 | 199.50 |
| 02/12/14 | Open checking account (.10); deposit settlement funds (.20); confer with G. Paloian regarding case status and closing (.10); download assets into TES (.20). | J. McManus | 0.60 | 171.00 |
| 03/14/14 | Confer with G. Paloian regarding continuing §341 meeting. | J. McManus | 0.10 | 28.50 |

| Date | Description | Timekeeper | Hours | Value |
| --- | --- | --- | --- | --- |
| 03/17/14 | Consult with B. Jones at Trustees Office regarding potential 341 meeting date. | J. Ziegler | 0.10 | 10.00 |
| 03/18/14 | Continue 341 Meeting (.10); calendar same (.10). | J. Ziegler | 0.20 | 20.00 |
| 03/20/14 | Download claims into TES. | J. McManus | 0.30 | 85.50 |
| 03/24/14 | Reconcile assets ledger in TES. | J. McManus | 0.30 | 85.50 |
| 03/26/14 | Forward continued §341 meeting transcript to H. Morse. | J. McManus | 0.10 | 28.50 |
| 03/31/14 | Download schedules, petition, and Statement of Financial Affairs per G. Palloian's request (.20); compile document production (1.00). | J. Ziegler | 1.20 | 120.00 |
| 04/01/14 | Reconcile scheduled assets in TES. | J. McManus | 0.30 | 85.50 |
| 04/01/14 | Compile documents for 341 meeting. | J. Ziegler | 0.60 | 60.00 |
| 04/02/14 | File asset report (.10); cause recorder used in 341 meeting to be delivered to Trustees Office (.30); compile exhibits (1.00). | J. Ziegler | 1.40 | 140.00 |
| 04/14/14 | Download claims into TES. | J. Ziegler | 0.10 | 10.00 |
| 04/24/14 | Update claims in TES. | J. McManus | 0.30 | 85.50 |
| 05/21/14 | Run/review Forms 1 & 2 regarding Annual Report. | J. McManus | 0.30 | 85.50 |
| 06/10/14 | Prepare Annual Report. | J. McManus | 0.40 | 114.00 |
| 06/18/14 | Confer with K. Morse regarding §341 meeting transcript and arrange for retrieval of same. | J. McManus | 0.10 | 28.50 |
| 06/23/14 | Follow-up regarding transcription of §341 meeting (.10); confer with K. Morse regarding same (.10); update claims in TES regarding annual report (.40); confer with J. Ziegler regarding transcription of second §341 meeting (.10). | J. McManus | 0.60 | 171.00 |
| 06/23/14 | Retrieve recording of April 1 341 Meeting (.50); effect transcription of same (.20). | J. Ziegler | 0.70 | 70.00 |
| 06/27/14 | Review/edit transcripts of April 1, 2014, 341 Meeting (2.50); consult with J. McManus regarding same (.30). | J. Ziegler | 2.80 | 280.00 |
| 07/09/14 | Prepare quarterly case status report. | J. McManus | 0.30 | 85.50 |
| 07/10/14 | Prepare Annual Report. | J. McManus | 0.40 | 114.00 |
| 07/28/14 | Revise Forms 1 & 2 for Annual Report submission. | J. McManus | 0.40 | 114.00 |
| 07/29/14 | Revise coding in TES for Annual Report submission. | J. McManus | 0.40 | 114.00 |
| 07/30/14 | Revise Annual Report. | J. McManus | 0.40 | 114.00 |
| 07/31/14 | Finalize Form 2 edits for Annual Report submission to UST. | J. McManus | 0.30 | 85.50 |
| 08/01/14 | Cause Forms 1 & 2 to be filed with the Court. | J. McManus | 0.10 | 28.50 |
| 10/07/14 | Confer with B. Harper regarding settlement funds and wire instructions (.10); open bank accounts (.20); prepare case status report (.20). | J. McManus | 0.50 | 142.50 |

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 10/09/14 | Open bank account (.10); email exchanges with B. Harper regarding settlement and funds to be wired into Estate account (.20). | J. McManus | 0.30 | 85.50 |
| 10/14/14 | Attend to Estate banking matters. | G. Paloian | 0.10 | 65.00 |
| 10/14/14 | Confirm wire deposit (.10); confer with B. Harper regarding sale/settlement (.10); review Order regarding same (.10); process wire transfer into checking account (.20). | J. McManus | 0.50 | 142.50 |
| 11/19/14 | Reconcile bank account. | J. McManus | 0.20 | 57.00 |
| 12/09/14 | Confer with G. Paloian regarding case status. | J. McManus | 0.10 | 28.50 |
| 02/17/15 | Review bank reconiliations (.10); confer with J. Ziegler regarding same (.10). | J. McManus | 0.20 | 60.00 |
| 02/19/15 | Process bond premium payment. | J. McManus | 0.10 | 30.00 |
| 03/03/15 | Update case status report with recent activity. | J. Ziegler | 0.10 | 10.00 |
| 03/04/15 | Reconcile bank accounts (.20); confer with J. Ziegler regarding same (.10). | J. McManus | 0.30 | 90.00 |
| 03/09/15 | Reconcile TES bank account ledgers. | J. McManus | 0.20 | 60.00 |
| 04/10/15 | Confer with L. West regarding tax returns. | J. McManus | 0.10 | 30.00 |
| 05/05/15 | Prepare/review draft distribution report. | J. McManus | 0.60 | 180.00 |
| 05/12/15 | Run draft distribution (.20); prepare Final Report (.50). | J. McManus | 0.70 | 210.00 |
| 05/14/15 | Revise claims ledger in TES. | J. McManus | 0.40 | 120.00 |
| 05/26/15 | Run/review Forms 1, 2 & 3 for annual report. | J. McManus | 0.30 | 90.00 |
| 05/29/15 | Prepare Final Report. | J. McManus | 0.80 | 240.00 |
| 06/22/15 | Prepare Final Report. | J. McManus | 0.90 | 270.00 |
| 07/15/15 | Revise assets in TES. | J. McManus | 0.20 | 60.00 |
| 07/17/15 | Confer with L. West regarding tax returns. | J. McManus | 0.10 | 30.00 |
| 07/20/15 | Prepare Annual Report. | J. McManus | 0.20 | 60.00 |
| 07/22/15 | Compile Forms 1 & 2 and forward to L. West. | J. McManus | 0.10 | 30.00 |
| 07/27/15 | Prepare Annual Report. | J. McManus | 0.30 | 90.00 |
| 07/29/15 | Revise Forms 1 & 2 for Annual Report. | J. McManus | 0.40 | 120.00 |
| 07/29/15 | Complete asset data in TES. | J. Ziegler | 0.40 | 40.00 |
| 07/30/15 | Compile and file TIR with the Court. | J. McManus | 0.20 | 60.00 |
| 08/14/15 | Prepare draft distribution report. | J. McManus | 0.60 | 180.00 |
| 08/18/15 | Email communications with L. West regarding final tax return preparation. | J. McManus | 0.20 | 60.00 |
| 08/18/15 | Collate tax documents for accountant. | J. Ziegler | 0.50 | 50.00 |

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 08/19/15 | Email communications with J. Ziegler and L. West regarding final tax returns (.10); prepare revised proposed distribution (.20). | J. McManus | 0.30 | 90.00 |
| 08/19/15 | Email communications with L. West regarding items needed to complete returns (.10); update assets ledger (.20); prepare Final Report (.70). | J. McManus | 1.00 | 300.00 |
| 10/19/15 | Prepare response to UST report of findings on TIR. | J. McManus | 0.30 | 90.00 |
| 10/20/15 | Confer with L. West regarding tax returns (.10); run updated Forms 1 & 2 and forward same (.10). | J. McManus | 0.20 | 60.00 |
| 10/26/15 | Attend to estate tax returns. | G. Paloian | 0.50 | 342.50 |
| 10/28/15 | Review and execute tax returns for bankruptcy estate. | G. Paloian | 0.50 | 342.50 |
| 11/02/15 | Prepare response to UST Report on TIR. | J. McManus | 0.40 | 120.00 |
| 11/02/15 | Prepare prompt determination letter to IDOR (.20); prepare prompt determination letter to IRS (.20). | J. McManus | 0.40 | 120.00 |
| 12/07/15 | Revise claims in TES for distribution. | J. McManus | 0.30 | 90.00 |
| 12/10/15 | Update Forms 1 & 2 ledgers. | J. McManus | 0.20 | 60.00 |
| 02/25/16 | Prepare Final Report. | J. McManus | 0.80 | 252.00 |
| 03/11/16 | Prepare Final Report. | J. McManus | 0.90 | 283.50 |
| 04/20/16 | Revise distribution report. | J. McManus | 0.40 | 126.00 |
| | **TOTAL** | | **40.60** | **$11,835.00** |

**Total Fees** $11,835.00